Whenever you're ready. Thank you, Your Honor. Good morning. My name is Denise Clark. May it please the court. I represent Appellant Don Polk On behalf of Ms. Polk, I'm requesting that the court reverse the district courts conclusion that Ms. Polk's discrimination claim Was preempted by the Railway Labor Act, which I'll refer to as the RLA After the parties fully briefed this case Before circuit issued its opinion in Giles versus National Railroad Railroad Passenger Corporation, which I believe is known as Amtrak That's at 59 That fourth 696 and that's a 2023 case The court was very clear that this was the first case in which the circuit took the time to review the RLA's preemptive breach Generally, it has been Bound by courts in this in this country that the RLA Does not bar a plaintiff for bringing a claim under an independent federal statute and this court Concluded that in fact that is the case in Giles There are a couple of distinctions first. Ms. Polk was at a motion to dismiss phase in Giles It was a motion for summary judgment, and I believe that there had been a record that was completed in Giles As a preliminary matter based on the supplemental briefing, you agree that the defendant, Collins, should be dismissed? As to that issue that you that you raised, he was not properly served. That is correct. So he's dismissed as a defendant? I believe so, yes, sir. But all the rest of them stay? All the rest stay and as I pointed out in our supplemental brief it appears from the Certified mail receipts that the same person signed for each Individual at the same business address And there's been no Issue raised or fact presented that the person who signed was not authorized to do so for those individuals Can I just follow up on the Collins question? It's rattling around in my head. So if Collins was never properly served and Collins was never properly made a party So the district court didn't have jurisdiction over Collins So then do we have a final judgment problem from the district court? Because then does the district court's order actually dispose of all claims against all named parties? It I think you could see it that way your honor, I mean I can't candidly the concern I have is If he's not made a proper party, then what notice does he have with regard to the claim and were there any pleadings that he actually presented So it if he wasn't properly served I'm worried about our appellate jurisdiction, right? Which is to say under 1291 We only have jurisdiction to review final decisions of the district court and a final decision of the district court Is a decision that resolves all claims against all parties and if Collins was never properly served I'm not sure how the district court resolved the claims would have resolved the claims against Collins and if that's true But I'm not sure how it could have entered a final decision Yeah, I think that I understand your question. And so with regard to Collins since the court didn't expressly Address the fact that he was not properly served or dismiss him as a party I think that there he is still in the case from that at that standpoint when the court issued its opinion But I guess the court dismissed all claims against all defendants under this I Mean this just gets us back to this question about whether railway labor But whether this the RLA is a jurisdictional issue or not because I suppose if it's a jurisdictional issue It's fine because we the district court is not required to Prioritize one jurisdictional issue over another jurisdictional issue So even if it doesn't have personal jurisdiction over the defendant Collins it can dismiss the claims against him for lack of subject matter Jurisdiction, but if on the other hand, this isn't jurisdictional and what the district court actually did is enter a 12b6 You can't enter a 12b6 in favor of a party. You don't have jurisdiction Your honor in Giles. I believe that panel expressly stated it grappled with that issue of whether or not the RLA is jurisdictional and concluded that it is I thought Giles that is we don't have I thought in Giles we said we didn't have to decide whether it was Think they concluded that it is I would have to pull my version. We have a Threshold issue here of subject matter jurisdiction and You know until we address that I'm not sure how we can go any further and You've got a Supreme Court that is very very pro arbitration and you've got a Section of the Railway Labor Act which 151 a Which the statute Emphasizes the prompt and orderly settlement of all disputes arising out of grievances or interpretation of Collective bargaining agreements and that just screams loud and clear that the case should go to Arbitration for several reasons first of all the words prompt and orderly are far more likely to be resolved through an arbitral process than through litigation all over the country and and Second of all you're talking about all disputes going out of grievances or Interpretation of the collective bargaining agreement and the collective bargaining agreement here has a Detailed grievance procedure and why shouldn't that be you honor? I completely disagree with you with regard to the collective bargaining agreement in fact I think that there are the Amtrak policy and procedure for testing Individuals isn't was never collectively bargained by the parties the only thing that was collectively bargained by the parties was the discipline the smart agreement expressly talks about Discipline and then there are two waiver provisions. Those are both things that are subject to the grievance policy Collective bargaining agreement covers rules and working conditions. It's not that I think that the that argument Can only go so far where in fact I believe that Amtrak is there is at least a one public statement I'm aware of that Amtrak's one of their counsel has expressly said that they that the policy Procedure for work for the workplace drug testing was in management rights implementation and when management rights are Implemented and the Union takes no additional steps to maintain status quo or to bargain those those Benefits then it can't be part of a collective bargaining agreements completely removed even in the It doesn't apply to the claims that I think that she was trying to assert post the waiver provision, which she was subject to and What did fall under the collective? Seven that's correct those things that she brought under title seven when your argument is It comes to the title seven claim collective bargaining agreement simply isn't part of the resolution To the extent that it does not require the interpretation of that collective bargaining agreement Which her claims do not the claims specifically about the discriminatory? Application of the drug testing policy and procedures which are not incorporated in that collective bargaining agreement the only thing in the collective bargaining agreement has to do with the agreement between the parties about Waiver the agreement between the parties about there's a bypass provision where someone is Viewed to be under the influence and can be removed and put into an EAP Program without having to go through the testing or the situation where they have violated those provisions and have are subject to discipline such as suspension which she was and she went under a grievance procedure for that suspension But her other claims and they are It's a pro se complaint. And so it's very very near the end. She complains about the Application several times. I think one time she says at least six times another time She says at least seven times that the application of the testing procedures Were discriminatory and that's what is I believe we are saying since we are arguing are outside the reach of the RLA preemption Any complaint about discipline can be reframed through artful pleading as Discriminatory any disciplinary action at all and be Ripley and artfully as being a discrimination, but your honor I think that that I think I mean you quoted earlier that to the extent that The parties have agreed that it's going to be subject to arbitration that whether I plead it artfully or not that particular claim in Is going to be subject to arbitration I have no argument with that and And what I'm what I'm suggesting is that what she was trying to plead are two She was trying to plead two different things One that I would say is absolutely preempted to the extent that she was trying to say that The suspension was discriminatory. She couldn't do that. That was already under the smart agreement It's under those provisions that the parties of the collective bargaining agreements are not generally that detail. They talk about workplace Conditions and grievances in this case. It is though your honor and and I I have to respectfully disagree in this case as It relates to the issue of drug testing and the use of drug and alcohol the the parties have been very explicit about what is going to be covered under that that collective bargaining agreement and Policies and procedures for testing are not they have not been negotiated Amtrak had created them Amtrak manages them Amtrak in fact modified them in 2019 and expressly said in an ABA article that those were implemented through management rights and not negotiated by the parties, so Thank you counselor. You have some rebuttal time You Miss Davis would be pleased to hear from you Thank you your honor may it please the court Allison Davis representing the National Railroad Passenger Corporation also commonly known as Amtrak I'd like to address what? This hoax claim is about here. What do we do with mr. Mr. Collins? The court does not have personal jurisdiction over mr. Collins. He was never properly served There's no evidence in the record that he was ever properly served All that all that the appellant has is that someone at Amtrak signed a for certified mail? There's nothing showing that that individual was authorized to accept mail for mr. Collins or that mr. Collins was ever made aware of Delivery of such a package, but then why doesn't so what does our opinion say about? When you're the judge writing the opinion, what do we say about? That the decision of this court does not apply to mr. Because the trial court could not have adjudicated is right, but that's the problem for me if we say that then there's no final judgment like There seems like a dilemma here like either this decision on appeal applies to mr. Collins, or it doesn't apply to mr. Collins in which case I don't think we have a 1291 final judgment here now So help two things on that. Do you agree that in Giles this court specifically said we were not deciding whether the RLA preemption Is jurisdiction yes, but no three specifically says we are not making that decision Okay, so we have to assume that it's at least possible that it isn't unless we decide that it is But we'd have to decide that it is So the only way I can think of how This isn't a massive finality problem is something like this the district coordinates footnotes said I construe this motion to dismiss These will be filed on behalf of mr. Collins as well, right? That's what that's what it said. Okay Well, you can consent to personal jurisdiction by voluntarily appearing in court, right Correct. So for example if mr. Collins represented by his own counsel had filed a motion to dismiss That did not allege a personal jurisdiction or service of process defense That motion would be deemed to waive a personal jurisdiction or service of process defense, right? So if the district court construed the motion as being on behalf of mr. Collins The district court, I guess also concluded that he waived any personal jurisdiction or service of process defense, right? Right, but mr. Collins never appeared before the trial court He was this was kind of trying to help you I guess I think if I go with your theory that he never properly appeared. I don't think there's a 1291 final judgment But the court was in a position to adjudicate his rights if he was never made 100% but we under 1291 only have jurisdiction if the district court adjudicates all claims against all parties So I don't see how the court cannot have adjudicated. Mr. Collins is the claims against? Mr. Collins and still issued a final decision under 1291. I think it's one or the other. I Believe that the court thought it was in a position to adjudicate his rights, even though he had not entered his appearance Therefore What What did you what did Amtrak? Represent to the district court as their authority to act on behalf of mr. Collins We did not make any representation With respect to mr. Collins. It was mr. Lam on 10 who we did We didn't make any represents representations as to Armstrong stencil or Colin Armstrong You like me to proceed Sure any further argument on the jurisdictional issue needed As I guess does Amtrak have a position about whether since we didn't decide this in Giles Does Amtrak have a view about whether this is a jurisdictional rule the RLA preemption of conflict of laws Yes that it is a jurisdictional issue So you want us to you if we reach that you would like us to say what the DC Circuit said about it correct And going back to the nature of appellant claim It's more than just challenging Amtrak's Alcohol-free workplace program. Did you put that microphone right in front of you? I want to be sure I hear what you said This case is not just about a challenge to Amtrak's drug and alcohol-free workplace program If you look closely at the complaint that miss Pope filed including all of the supplemental filing She repeatedly states that she is upset with Amtrak because she believed that she was being Tested beyond the bounds of the waiver agreement that she had signed in May of 2019 The waiver agreement arises out of rights that Amtrak has to discipline union employees Through the smart collective bargaining agreement in order to determine whether or not her rights were violated The court would have to examine the collective bargaining agreement this is very different from if miss Pope had chosen to challenge the initial return to work drug test and Challenge whether or not Amtrak was targeting her for Discipline because of her shy bladder as compared to individuals not within her protected Receive this Testing because I was discriminated against because of She does in some communications late in the process of challenging Return-to-work drug testing, but if you look at all of the communication they are about the fact that she believed that the waiver agreement had expired and Amtrak did not have the right to further tester But that goes back to examining What are the employers rights under that collective bargaining agreement with respect to waiver agreements? that are covered by the collective dark bargaining agreement and any past practices with the Union as to the interpretation of waiver agreements and whether or not they can be extended if there's Policy that Yes, it has to be part of the collective bargaining agreement because Amtrak cannot unilaterally impose any working conditions on Union employees and clearly there was some negotiations that went on because there are side agreements Relating to the rule G program and the prevention program. So in fact, there were negotiations between Smart and Amtrak as to the drug testing program and how it applied to Union employees See what happens. Let's assume this case. It does go to arbitration Can the plaintiff can miss Paul before the arbitrator say I believe that Amtrak discriminated against me and by Discriminated against me based on race in violation of title 7 Can you raise a title 7 claim based on race discrimination for one of these arbitrators? There's nothing that prevents an employee from doing so and and could the arbitrator give her monetary damage I mean title 7 allows monetary damages that allowed could she put the arbitrator award the remedies that title 7 authorizes? Yes, the arbitrator could and then if what happens if she disagrees with the arm I mean, I guess I'm more familiar with the Federal Arbitration Act what happens if the arbitrator Does something she thinks is egregiously wrong. Is there judicial review of that? There's not judicial review There is review by the Public Law Board So it goes through the grievance process then if she's dissatisfied with that result It goes to a public law board Even if even if she raises a title 7 claim and she thinks the arbitrator got her title 7 claim wrong. There's no judicial review Not if you're going following the process under the collective bargaining agreement and the RLA The Supreme Court has dealt with the great many Workplace discrimination I am And they dealt with it with the ADA and the rest and what they said is that the Presumption in the FAA Which is strongly in favor of arbitration Does not go out the window simply because it's a discrimination claim and in the way back when in the early 1970s The Supreme Court was more sympathetic in the Gardner Denver case To the view that it was a title 7 claim to come into federal court and Since that there has been no decision Repudiated as often as Gardner Denver and they've taken every chance they have to say that the normal presumption of the FAA applies to Workplace discrimination complaints and Here you have a grievance procedure that is set up and You can circumvent that by just saying every grievance decision that Amtrak make is somehow discriminatory and you bypass the Purpose of the RLA and you Bypass the grievance procedure, which is set up in the Collective bargaining agreement and the whole purpose of Congress to provide arbitration of some of these workplace disputes because it would have a better promise of Stability in labor management relations and of course the class of trade-off These unions give up their right to strike and and the employer agrees to submit to arbitration and that's the classic trade-off and the Supreme Court has blessed out and And I don't think anybody here would say that the constant litigation of these kinds of things is going to contribute to the prompt and Stable and orderly Settlement of disputes growing out of mass transportation and You've got you know, you've got the expression of Congress In the FAA you've got the expression of Congress in the RLA you've got the expression of the Supreme Court and Opinion after opinion after opinion and those have a single for us which is this is Classic arbitration subject matter I agree your honor and especially in a case like this where this poke Will be able if she were to prevail through the grievance process Be entitled to all of the remedies that she could get under title 7 So I don't see any prejudice to miss folks rights if she is compelled to breathe under the collective bargaining agreement as opposed to filing a federal court action to protect her right so the Understand one of your previous answers If she's unsuccessful in the initial arbitration There's an appeal to It was a public law board That's correct But that's that's the final act as you understand it. That's the final authority There is no further appeal. That's what I understand. Yes The client here deserves a hearing and It's important that Miss Clark's client has a hearing But nobody is trying to just shut off due process or Close the door There's a you know arbitration is a is a is a pretty good way of going about it we have all sorts of arbitration panels Not just anybody can become an arbitrator They have to be pretty well qualified to become an arbitrator the RLA has a whole system of Arbitral panels for precisely this kind of thing. I mean It's they're already set up and They're chosen with scrupulous fairness for each side off of a list Management gets one choice and labor gets another choice Then you have a third that is drawn from a more neutral list but it's a kid the American Arbitration Association and the RLA have set up a very detailed process for just this sort of thing and Miss Polk could have had her hearing back in May of 2019 Through the grievance process and not sign the waiver. She could have gone to hearing and challenged the Decision there the notice that she received that she would be terminated presented witnesses Presented documents before an impartial hearing officer and there would have been a decision back in May of 2019 she chose to sign the waiver the waiver determined the conditions for future drug testing and Once she signed it afterwards she regretted signing it and Decided to bring a title 7 claim and she should not be able to end run the process I just ask you about what the nature of this doctrine is. I saw some cases refer to this as preemption Do you agree that this isn't preemption because we're talking about two federal statutes We don't say that one federal statute preempts another. No, we don't we say preclusion So that so the we say the RLA Precludes you from suing in court for things that come within the terms of the collective bargaining agreement Or something it precludes bringing in federal court claims under federal statutes Claims that are grounded in the collective bargaining agreement. It preempts state law claims that Involve collective bargaining and does that difference matter? I guess the reason I was thinking about what this matters, right? So in the federal state context, there is a presumption against preemption But in the federal federal context, we don't have that same kind of presumption to it in the federal federal setting There's a presumption against against what implied repeal against implied repeals, right? And I guess we'd have to do that. Well because title 7 is obviously the later enacted statute here. That is correct But here it's clear based on the allegations in the complaint and the supplement supplements to the complaint That the claim is going directly to the waiver agreement Which is governed by the collective bargaining agreement. So any court hearing for claims will have to Interpret the application of that collective bargaining, right? So just to build up with Judge Agee was saying in terms of what you would actually say in explaining this doctrine Although title 7 is the later enacted statute We do not understand for title 7 to modify the normal rule But if you have a claim arising out of the collective bargaining agreement, you have to bring it in this arbitration Doctrinally, that's how that works Correct So what could I just ask you on that? What term in the drug policy would a federal court have to interpret in order to adjudicate? It's not the term in the in the policy that would have to be interpreted because This post claim is not about the application of the drug-free Alcohol-free workplace program. It's about her waiver agreement and whether or not under her waiver agreement Amtrak was permitted to continue to test her. Okay, I guess so. Sorry what fair enough? I guess that's broader question Then what I read Giles is saying is the question is would a court in order to resolve this claim? Have to interpret the collective bargaining agreement What part of the collective bargaining agreement would a federal court here in her title 7 plan have to interpret? It would be the policy which we believe is Incorporated into the collective bargaining Sure But what what term what what? Language would a federal court have to say what that language means in order to adjudicate for race discrimination the frequency of testing The Provision about how often you're allowed to how frequently you're like And also the discipline provision which specifically states that for union employees. It's governed by the collective bargaining One good one thing that occurs to me is that this area Our preemption how to have our preemption and Subject-matter jurisdiction and the lack of subject-matter jurisdiction really one at the same Because if it if it is preempted or if the case has to go to arbitration The federal district court simply lacks subject-matter jurisdiction that is correct and that seemed to be There seems to be a jurisdictional question at the heart of this whole case, but it's one of subject-matter jurisdiction and The district court doesn't have If the district court doesn't have subject-matter jurisdiction It has no authority to pronounce a final judgment or an interim judgment or anything else the only thing it can do is dismiss the case and Send it over to arbitration as a matter of a just a basic absence of federal court jurisdiction And that's why I am requesting that you affirm the lower court's decision So that how does the Hawaiian Airlines case factor in your view The Hawaiian Airlines case provides a framework for analyzing these types of cases which applies whether you're talking about RLA preemption or our RLA preclusion so as they've held and held in that case if requires interpretation or application of the collective bargaining agreement the claim is precluded And it says there's been a Supreme Court decision. It says minor workplace disputes go to arbitration That is correct and your view is that this falls into that classification, yeah You My time is up. I will we appreciate it. Thank you very much. Thank you Yes, I do With regard first to the last point that was made The RLA makes it clear that minor disputes Go to arbitration if it requires an interpretation of the collective bargaining It just doesn't say it automatically goes to arbitration if it doesn't require an interpretation of the collective bargaining agreement I believe that a federal statute can be used by an individual employee for purposes of enforcing their rights and neither the Hawaiian Airlines case nor Does this court's decision in Giles suggest otherwise? Your opposing counsel says that the drug policy was Negotiated and incorporated into the collective bargaining which seemed to be a question of Fact so that seems to contradict what you told us before Yeah, it is a question of fact. It was not discussed in the district court below and I believe the reading of the smart agreement does not incorporate Amtrak's policy as as I stated before and and and Will supplement under rule 28. I think rule 28 out There is a public statement by Amtrak that that policy Was in was implemented under their management were under a management rights theory if it's under a management rights theory There is no collective bargaining that took place. The Union did not have a role in Agreeing to it. They have no role in its implementation. They have no role in When it's conducted the only thing that it has a role in Has to do with the discipline which would include the waiver agreement. Now, I disagree with Appalachian Council that the complaint that was filed by Miss Paul Was limited only to the waiver She talks about in in her pro se complaint that there were that there were Efforts after she successfully completed the way to test her that she thought or did were discriminatory on their face Taking her complaint as a whole one would have to read it at that. She is not Just talking about the waiver. She makes it clear that she went through that process. She makes it clear that she was Successful in completing that process but what she's talking about afterwards is how the Procedures are applied and that is all with that's all Amtrak Classic working condition case a minor working condition dispute that's covered by Hawaiian Airlines and that the workplace condition is whether or not There is compliance with the drug and alcohol-free workplace program and that Is is classic Arbitration material the just is the working dispute Is compliance with the drug and alcohol-free workplace program and maybe maybe she Applied with it. Maybe Amtrak's wrong and I guess one of the things that I'm particularly anxious to convey is that nobody is trying to your client deserves a hearing and there's absolutely no doubt about that, but you know Arbitration doesn't just slam the door on you. It gives you a hearing and it gives you relief. It gives you remedial Possibility Your honor, I guess I question I don't question what you're saying I agree with you but procedurally below Amtrak didn't move to have this case put into arbitration. They just moved to dismiss it That's suggest to me that they didn't believe she should have a hearing at all I would believe me if if they had said, okay This should be arbitrated and therefore we move to dismiss this case and in order for it to be arbitrated Which is not which was not the motion that was filed here if they want to dismiss it at the outset Isn't Isn't that the same thing if they want to dismiss it they want to just lie out where would it? Nobody wants your client thrown out I think Amtrak exactly one of my client thrown out because Traditionally when you are facing these issues and there's a question about whether or not an arbitration agreement applies defense counsel will say plaintiff counsel We understand this claim, but this claim is covered under the arbitration provision that's in this one We are and we can make very very clear That this is not going to be a question of freezing your client out Have the Court of Appeals does it all the time remand with directions that the matter be remanded to Arbitration and because it is a matter of subject matter jurisdiction The Court of Appeals can take it up to a spotty and Issue directions Let's say there's an absence of subject matter Jurisdiction send it over to arbitration and we're we're free to bring up subject matter jurisdiction all the time but the bottom line is You have a client and your client deserves a hearing Absolutely, and it might surprise you that you do very well and succeed in arbitration I would make everybody happy, huh? Oh, I would like to think so your honor, but I I don't think that's always the case and separately Again, I I believe that with regard to the facts in this case that there was no presentation of any collective bargaining agreement that expressly talked about the application of the Testing policies and procedures. It's a separate document it is in the control of Amtrak and was never collectively bargained and because of that, I don't believe that the RLA precludes my clients title 7 claim And that she couldn't move forward in front of the federal district so as your Is your concern that? We were to remanded in direct Arbitration that Amtrak would then say this is not covered by the Collective bargaining agreement and therefore it's not subject to arbitration. I have no idea what arbitrate they didn't raise an arbitration provision They didn't point to one in the collective bargaining agreement that they believe it up that applied the the provisions that are outlined in the in the appendix Understood Maybe incorrectly opposing counsel's Argument to contain the admission that arbitration was available. I Hear the argument But what I've read in the appendix is especially at 290 to 296 is the smart agreement which talks about the disciplinary procedures When someone fails to comply with the drug testing or fails a test the bypass procedure 297 to 299 which talks about if someone is seen on the work in the workplace to be subject to drug or alcohol That they can be removed for purposes of going through an EAP program and the waiver agreement where if there's a violation or there's a failure to Test that you are able to go under the waiver agreement not lose your not lose your job Necessarily and be subject to an EAP program. All of those things are Disciplinary issues they're not going to what I believe is at the core of her one of her many claims Okay, which is the implementation of the drug testing? She's saying the implementation of the drug testing is on its face discriminatory But not not the discipline not anything under those those three agreements that I've identified the actual Testing that Amtrak conducts, which is a document separate and apart from the collective bargaining agreement but the Amtrak has a contractual right to drug test the union employee and then their program expressly provides That discipline for a union member will be determined by the applicable CBA the discipline but not Not how your honor, I I'm sorry, but I just want to be clear You're right. The discipline is covered by the arbitration by the by the collective bargaining agreement, but not how Amtrak conducts conducts testing Who they choose to randomly test. I don't think I don't see how you can separate those two things because the You know, it's like automatically if you have a right There are remedies and consequences for the violation of that right I see management right provisions in collective bargaining agreements all the time that remove any role that the union might have with regard to that management's right and Here the drug testing policy and procedure is Amtrak's right as management The union has no role whatsoever in the implementation of that testing and as a consequence It's very clear it was never collectively bargained What's bargained is yes We have to comply with a federal regulation that Requires us to make sure that there is safety on the job in particular as it relates to our employees and whether or not they are Under the influence of drugs and alcohol But it but that collective bargaining agreement does not outline how the drug testing will be carried out Amtrak took it upon itself to develop that policy and procedure They continue to modify that policy and procedure without the input of the unit I mean the question is whether you can split those two and And sort of separate them, and I'm not I'm not at all certain that that's that's practical, but the union has has made no statement or has not made any Suggested about how it's going to be conducted that suggests to me that only the employer is involved in that testing Thank you very much. Thank you. We very much appreciate your argument
judges: J. Harvie Wilkinson III, G. Steven Agee, Toby J. Heytens